ROBERTS, Respondent, vs. ROBERTS, Appellant.

*September 11—October 16, 1945.*

Vilas H. Whaley of Racine, for the appellant.

For the respondent there was a brief by *Beck, Heft & DuRocher* of Racine, and oral argument by *Howard J. DuRocher.*

ROSENBERRY, C. J.    This is a continuation of a controversy considered by this court and decided April 14, 1944. *Roberts v. Roberts,* 245 Wis. 666, 14 N. W. (2d) 38. That was an action to set aside a deed by Jennie E. Roberts, on the ground that it was procured by fraud and undue influence by Alta Roberts, plaintiff in this action.   Upon the trial of the fraud action in municipal court, the complaint was dismissed.   It appears that Jennie E. Roberts, defendant in this action, executed a quitclaim deed of the property in controversy to the plaintiff Alta Roberts.   In addition to the piece of property so conveyed which had a market value of approximately $5,000, Jennie E. Roberts owned another piece of real estate which had a market value of $2,000 with unpaid taxes of $858.13.   At the time of the commencement of this present action, the delinquent taxes on the homestead property amounted to $1,208.74, exclusive of the 1937 taxes which amounted to $189.29.   At the time the deed of the homestead was delivered to the plaintiff in this action, the 1937 taxes were unpaid.

The guardian of the defendant rented the homestead property together with the household furniture for $50 per month. In addition to this income, the guardian received rent of $27 per month from the other parcel of real estate.   While the property is denominated a homestead, it is not occupied

by the defendant as such but she lives with her sister, Laura H. Erb, who has been appointed her general guardian.

In this appeal Jennie E. Roberts contends that the court erred in appointing a receiver because the property constitutes the defendant's homestead. The cases cited by the appellant do not sustain this proposition. What the appellant really seeks to do in this case is to retry the issues which were tried and disposed of in the fraud action and we shall not consider in this case any matters which were considered and disposed of in that case.

The appellant does not contend that it is the duty of the life tenant not to commit waste or that the acts complained of do not amount to waste. Such contention could not very well be made because sec. 279.02, Stats., expressly provides that a tenant for years shall not commit or suffer any waste during his term. In this case the defendant not only failed to pay the taxes but she has allowed the property to deteriorate so that the gutters have rotted away and fallen off; most of the stucco on the house has fallen away so that water comes through the walls and ceiling and through the sides and back of the house.

Under the circumstances of this case, it is considered that the trial court was fully warranted in appointing a receiver in order to prevent a continuation of waste. Appellant attempts to sustain her position in this case on the ground that the deed given by the defendant to the plaintiff was without consideration and that the plaintiff is estopped by an agreement made at the time of the delivery of the deed by signing the following agreement:

"It is understood that you [plaintiff] will not make any claim to the property during Mrs. Roberts' lifetime."

These facts and other facts set out in paragraph fifth of defendant's answer were considered by the court on the trial in the fraud case and the court by the judgment confirmed

and quieted the title to the premises in question in the plaintiff in this action, defendant in that action, subject to a life estate in Jennie E. Roberts. Jennie E. Roberts cannot again relitigate those questions in this action by setting them up in this action as a defense. The trial court correctly sustained the plaintiff's demurrer to paragraph fifth of defendant's answer.

*By the Court.*—The orders appealed from are affirmed.